UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS MACLIN,

        Plaintiff,

                                        Case No. 18-11144

v.

                                        HON. MARK A. GOLDSMITH

SCOTT HOLMES,

        Defendant.
_____/

## **ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN**

On April 10, 2018, plaintiff Ross Maclin, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed a pro se civil rights complaint against Dr. Scott Holmes. (Dkt. 1). The complaint alleges that Dr. Holmes refused to treat Plaintiff at the Carson City Correctional Facility because Plaintiff filed grievances or complaints about Dr. Holmes. Compl., pp. 5, 7-8 (Dkt. 1, Page ID 5, 7-8).

When screening the case under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concluded that this District was not the proper venue for Plaintiff's complaint because the events giving rise to Plaintiff's complaint occurred in the Western District of Michigan and because Dr. Holmes performed his official duties there. Accordingly, on April 27, 2018, the Court asked Plaintiff to consent to a transfer of his case to the Western District of Michigan or to explain why the Eastern District of Michigan was the proper venue under 28 U.S.C. § 1391(b). (Dkt. 4).

In a response to the Court's order, Plaintiff concedes that the incident in question occurred in the Western District of Michigan. He argues, however, that the Court should retain his case as a courtesy to the judges in the Western District of Michigan and because his confinement in the Western District of Michigan is temporary. Plaintiff also alleges that Dr. Holmes' attorney,

Ronald Chapman, maintains an office in the Eastern District of Michigan and that Dr. Holmes' residence is rumored to be in the Eastern District of Michigan. (Dkt. 5).

As the Court pointed out in its previous order, the proper venue in civil actions is the judicial district where (1) any defendant resides if all defendants reside in the same state, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Because Mr. Chapman is not a defendant, the fact that he maintains an office in this District is irrelevant, and even if Dr. Holmes lives in this District, for purposes of § 1391(b), he "resides" in the county where he performs his official duties. O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487-88).

Furthermore, although Plaintiff's confinement in Carson City may be temporary, "[v]enue under 28 U.S.C. § 1391 usually respects defendants' interests." Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1036 (7th Cir. 2000). In other words, on the question of venue, Congress likely "meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995); see also PKWare, Inc. v. Meade, 79 F. Supp. 2d 1007, 1016 (E.D. Wis. 2000) ("In determining where substantial parts of the underlying events occurred I focus on the activities of the defendant and not those of the plaintiff.").

Finally, although "venue is not jurisdictional," Johnson v. Bryson, 851 F. Supp. 2d 688, 704 (S.D. N.Y. 2012), Plaintiff has not presented any evidence of docket congestion in the Western District of Michigan. Thus, the Court is unpersuaded by Plaintiff's argument that the Court should keep this case to ease the dockets of the judges in the Western District.

To conclude, this cause of action arose at the Carson City Correctional Facility, and the defendant performs his official duties there. Carson City is located in Montcalm County, and Montcalm County lies within the geographical confines of the Western District of Michigan. 28 U.S.C. § 102(b)(1). Accordingly, the Western District of Michigan is the appropriate venue for Plaintiff's lawsuit. The Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court declines to determine whether Plaintiff may proceed without prepayment of the fees and costs for this action.

SO ORDERED.

Dated: July 9, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2018.

s/Karri Sandusky
Case Manager